E. E. WILSON, Administrator, Etc., Appellee, v. WILLARD EDDY, Appellant.

Execution Sale: REDEMPTION: EVIDENCE. In an action for the fraudulent divesting of plaintiff's title to certain land, the evidence is considered and held insufficient to suppport a finding that defendant agreed to accept in full redemption of the land from an execution sale a sum less than the amount due.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

TUESDAY, JANUARY 26, 1904.

THIS action was commenced in the court below by Merrit Stanley. After trial, and after appeal to this court was

perfected, said Stanley died intestate.  E. E. Wilson, having been appointed administrator of the estate of said Stanley, has been substituted as appellee by proper proceedings in this court.  The action is brought to recover judgment at law for the value of certain described lands, it being alleged that plaintiff has been divested of the title to and possession of such lands by the wrongful and fraudulent acts of the defendant.  The facts necessary to be considered are stated in the opinion.  There was judgment in favor of plaintiff, and defendant appeals.—*Reversed.*

*Mullan & Pickett* for appellants.

*Dawson & Estey* and *Boies & Boies* for appellee.

BISHOP, J.—In the petition it is alleged in substance that on and prior to February 12, 1898, the plaintiff was the owner of the lands in question, consisting of one hundred sixty acres situated in Black Hawk county, and which were and are of the reasonable value of $10,400.  It is then said that in September, 1897, the defendant obtained a judgment in the district court in and for Black Hawk county in the sum of about $450, with interest and costs, against this plaintiff and one Kiderling; said judgment being based upon a promissory note executed to this defendant by said Kider-ling as principal and this plaintiff as surety.  That on February 12, 1898, the land in question was sold at sheriff's sale under execution to satisfy said judgment, the sale being made for the sum of $527.18; and that being the amount due on said judgment, interest, and costs on the date of the sale; that the sale was made to this defendant, Eddy, and a sheriff's certificate of sale was issued and delivered to him. It is then alleged that within a few days after said sale this plaintiff paid to said Eddy the sum of $528, being the full amount of said judgment, interest, and costs, and directed said Eddy to apply the amount so paid in full redemption of said lands from said sale, which the said Eddy then promised and agreed to do.  That thereafter, and on February 20, 1899,

the said Eddy, without the knowledge of plaintiff, and in fraud of his rights, and with intent to wrong and cheat plaintiff out of said lands, went to the sheriff of said county, and, presenting the certificate of sale still held by him, procured to be executed and delivered to him a sheriff's deed of said lands, which deed was caused by him, said Eddy, thereafter to be recorded in the office of the recorder of deeds of said county. That under said deed said Eddy has entered upon said lands, has ousted plaintiff therefrom, and is now in possession thereof. In the second count of the petition the same facts are alleged as in the first count, except that instead of the allegation in respect of payment of the amount of the judgment in favor of Eddy by this plaintiff it is alleged that said judgment was on or about February 20, 1898, fully settled and adjusted between this defendant Eddy and the said Kiderling, the latter paying the amount due thereon in full. The answer of defendant admits all the allegations of the petition save and except the allegation that redemption was made as alleged which allegation is denied; and defendant denies that there was paid to or received by him the sum of money alleged, either at the hands of this plaintiff or of said Kiderling, to be used or applied in the redemption of the lands in question from sheriff's sale. In the answer there is also set up affirmative matters in defense and several items of counterclaim, but, as will presently appear, consideration of these is not necessary to a determination of this appeal.

From the foregoing statement of the issues it must be manifest that the right of the plaintiff to recover in any event depended upon proof of the fact that redemption had been made as alleged. Now, that the sum of $460 was paid to Eddy on February 20, 1899, is an undisputed fact, as shown by the record. It is not contended that any other sum has ever been paid as and for the purposes of redemption of the lands in question. In the fifth instruction given by the court the jury was told in substance that if plaintiff paid or caused to be paid to defendant an amount of money with directions

to apply the same upon the judgment under which the land
was sold, and if the defendant Eddy accepted such money in
full payment of the judgment, this would constitute a redemp-
tion of plaintiff's land, etc.    Again, in the seventh instruc-
tion, the court told the jury, that "if you find that plaintiff,
at the time he paid the money to defendant, directed defend-
ant to apply the same in payment of the judgment under
which plaintiff's land was sold, and that defendant received
and retained such money under such direction, defendant was
bound to apply such money in payment of such judgment,
and in such event to treat such money as applied to the pay-
ment of such judgment, and plaintiff's land as having been
redeemed from the sheriff's sale."    And in the eighth in-
struction it is said in substance that it was not necessary for
plaintiff, after his land had been sold to defendant at sheriff's
sale, to pay defendant the full amount of such judgment, in-
cluding interest and costs, in order to redeem his land from
the sheriff's sale, provided the money actually paid was ac-
cepted by the defendant in full payment of the judgment.
The giving of each of said instructions is made the basis of
assignments of error, and the contention of counsel for appel-
lant is that the record is entirely barren of evidence upon
which to predicate the giving thereof, or to which the same
could have relation.    It is not claimed by counsel for appellee
that a partial payment only would deprive defendant of the
right to take a deed, the time for making redemption having
expired.    Accepting such to be the rule, we may proceed at
once to ascertain the facts in the case before us.    Turning
to the evidence appearing in the abstract, we find that at the
time plaintiff became surety for Kiderling upon the note
which because the basis of the judgment, the latter gave to
plaintiff, by way of indemnity, a note secured by chattel
mortgage.    On February 24, 1899, Eddy, Stanley, Kiderling,
and one Hallowell went together to the courthouse in Water-
loo.    Hallowell went along, at the request of Kiderling, to see
that the mortgage given to Stanley was properly satisfied, and
he testifies that he heard nothing, and knew nothing, of there

being any judgment against Kiderling and Stanley in favor of Eddy. The parties went to the office of the county recorder, and while there Kiderling gave to Stanley $460, whereupon Stanley satisfied the record of the chattel mortgage. Kiderling testifies as follows: "When we reached the court house we went into the clerk's [evidently should be recorder's] office to pay the note I owed Stanley. * * * At that time I paid Stanley $460. I put it on the ridge of the counter. I counted it out to Stanley, and he said to Eddy, 'You count it.' He slid it towards Eddy, and Eddy counted it and said, 'That's all right,' and laid it back, and Stanley said, 'You take that.' Hallowell then asked Eddy if he had any other claim against Kiderling, and he said, 'No, sir.' " Stanley testifies as follows: "On the way down [to the courthouse] I stopped for Dr. Eddy. I told him I wanted him to go to the courthouse, the purpose being to pay that judgment off. Don't recollect of his saying anything. We went into the recorder's office. Kiderling counted the money; I did not count it. He laid it down on the counter, and said, 'There is your money.' I shoved it to Eddy, and said, 'There, apply that on the judgment.' Eddy said, 'All right.' That is all I know. Eddy took the money, and he and I walked uptown together. On the way I said to Eddy: 'I am glad that Nick has paid. I am glad it is paid on the judgment;' and he said, 'That was paid.' " In his testimony the defendant says nothing was said about making application of the money to the payment of the judgment; that after leaving the courthouse it was agreed between himself and Stanley that the amount so paid him should be applied in payment of other indebtedness due to him from Stanley.

The foregoing is the substance of the entire record as related to the particular subject under consideration. It is conceded that at the time the amount required to redeem, if paid in full, was $528. Admitting, now, for the purposes of the case, that an agreement on the part of the defendant to accept a sum less by $68 than the amount due would be binding upon him, still we are wholly unable to construe what was

said and done between the parties as an agreement on the part of Eddy to accept the sum paid as a full redemption from the sheriff's sale. As we think, the most that can be said is that the payment was made to apply on the judgment, and that it was so understood by the parties. This being true, it follows that the instructions complained of were unauthorized by reason of any facts appearing, and should not therefore have been given.

Whether the sheriff's deed had the effect to cut off all rights of plaintiff in the lands in question we need not determine, as such question is not within the present issues. So, too, we need not discuss other assignments of error presented by appellant, as it is possible, if not probable, that upon a further trial of the case different issues may be formed, or that the record made will not correspond in all respects to the one now before us.

For the error in giving the instructions to which we have made reference, the judgment must be and it is reversed, and the cause is remanded for further proceedings according to law. —REVERSED.